T.C. Memo. 2010-170

UNITED STATES TAX COURT

JAMES M. BLAGA AND VIVIAN P. BLAGA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19391-08L.                    Filed August 3, 2010.

James M. Blaga and Vivian P. Blaga, pro se.

<u>A. Gary Begun</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  On July 1, 2008, respondent issued each

petitioner a Notice of Determination Concerning Collection

Action(s) Under Section 6320 and/or 6330[1] (notices of

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code (Code), and all Rule References are to
the Tax Court Rules of Practice and Procedure.

determination) in which respondent determined to proceed with collection by levy of the frivolous return penalties imposed under section 6702 against petitioners for the tax years 2002, 2003, 2004, and 2005. Petitioners timely filed their petition with this Court to review these notices of determination. The two issues before the Court are: (1) Whether the IRS properly assessed under section 6702 frivolous return penalties against petitioners for tax years 2002, 2003, 2004, and 2005; and (2) whether respondent abused his discretion in determining to proceed with collection by levy of the frivolous return penalties for tax years 2002, 2003, 2004, and 2005.

## Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are incorporated as our findings by this reference.

## Petitioners

James M. Blaga (Mr. Blaga) and Vivian P. Blaga (Mrs. Blaga), husband and wife, lived in Michigan when they filed their petition. For all the tax years at issue Mr. Blaga worked as a medical technologist for St. John Health Corp. (St. John Health). During the tax years 2002 and 2003 Mrs. Blaga operated a cleaning service business named "Personal Touch Cleaning Services". She was a housewife for the tax year 2004 and worked outside the home

at Mid-Day Properties, Inc. (Mid-Day Properties), for the tax year 2005.

Petitioners' Tax Returns Filed for Tax Years 2002, 2003, and 2004

Petitioners timely filed their joint returns on Forms 1040, U.S. Individual Income Tax Return, and paid income taxes shown thereon for the tax years 2002, 2003, and 2004.  For tax year 2002 petitioners reported Mr. Blaga's wages of $62,197, Mrs. Blaga's business income of $5,903, and interest income of $42. Petitioners attached the Form W-2, Wage and Tax Statement, issued by St. John Health to report the wages Mr. Blaga earned and the withholdings on his wages.  Petitioners also reported the self-employment tax of $834 on Mrs. Blaga's business income for the tax year 2002 and claimed a corresponding deduction of $417 for one-half of the self-employment tax.  On the basis of their reporting, petitioners paid an income tax of $5,630 for tax year 2002.  For the tax year 2003 petitioners reported Mr. Blaga's wages of $62,030, Mrs. Blaga's business income of $4,802, and their interest income of $25.  For that tax year petitioners again attached the Form W-2 from St. John Health, reported the self-employment tax of $679, and claimed a deduction of $340 for one-half of the self-employment tax.  On the basis of their reporting, petitioners paid an income tax of $6,605 for the tax year 2003.  For the tax year 2004 petitioners reported Mr. Blaga's wages of $63,276, their interest income of $2,424, and

their taxable State refunds, credit, or offsets of $36.
Petitioners again attached the Form W-2 from St. John Health.  On
the basis of their reporting, petitioners paid income tax of
$6,039 for the tax year 2004.

Petitioner's Amended Returns Filed for Tax Years 2002, 2003, and
2004

On March 1, 2006, petitioners filed Form 1040X, Amended U.S.
Individual Income Tax Return, for the tax year 2002, reporting
that Mr. Blaga received no wages for the tax year 2002. On the
amended return petitioners wrote:  "applied understanding of
statutory language behind IRC sections 3401 & 3121."  Petitioners
attached to the amended return a Form 4852, Substitute for Form
W-2, Wage and Tax Statement, or Form 1099-R, Distributions from
Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs,
Insurance Contract, Etc., reporting that Mr. Blaga received no
wages from St. John Health but stating that St. John Health had
withheld $5,935 of Federal income tax, $2,040 of State tax,
$1,581 of local tax, $3,923 of Social Security tax, and $918 of
medicare tax.  On Form 4852 petitioners indicated that "Company
provided records [&] applied understanding of statutory language
behind IRC sections 3401 & 3121".  On their amended 2002 return
petitioners also claimed that Mrs. Blaga did not receive any
business income and thus her business income should not be
subject to self-employment tax.  Nonetheless, petitioners still

claimed, as on their original return, the deduction for one-half of her self-employment tax. Consequently, petitioners reported on their 2002 amended return that they had no taxable income and no tax liability and therefore were entitled to a refund of all taxes withheld totaling $10,388 for the tax year 2002.

By April 12, 2006, petitioners filed their 2004 amended return, reporting that Mr. Blaga did not earn any wages. On the amended return petitioners wrote that they "applied [their] understanding of statutory language behind IRC sections 3401 & 3121". Petitioners attached a Form 4852 to indicate that Mr. Blaga earned no wages but that St. John Health had withheld certain taxes. On that Form 4852 petitioners wrote: "records provided by payer listed on line 5 & applied understanding of statutory language behind IRC sections 3401 & 3121". Reporting no taxable income and no tax liability, petitioners claimed a refund of $10,898.

On April 17, 2006, petitioners amended their 2003 return to report that Mrs. Blaga had earned no income from her cleaning service business and Mr. Blaga had received no salary for the tax year 2003. Petitioners also indicated that Mrs. Blaga's business income was not subject to self-employment tax. On the 2003 amended return petitioners wrote: "applied understanding of statutory language behind IRC sections 3401 & 3121". Nonetheless, petitioners attached to the amended return a Form

4852 indicating that St. John Health had withheld certain taxes and retained the deduction for one-half of Mrs. Blaga's self-employment tax. On that Form 4852 petitioners wrote: "applied understanding of statutory language behind IRC sections 3401 & 3121". Because they reported no taxable income and no tax liability, petitioners claimed an overpayment of $11,350 for the tax year 2003.

On April 28, 2006, petitioners filed another amended return for 2002, reporting a calculation error on their previous amended return. Petitioners did not make any changes to their tax position or the amount of their claimed refund.

Petitioners' Tax Return for Tax Year 2005

Petitioners untimely filed a tax return for the tax year 2005 on May 4, 2006. On that return petitioners reported the same position as on their amended returns, claiming that their wages should not be taxed. Petitioners attached, as they had in previous tax years, a Form 4852 stating that Mr. Blaga received no wages from his employer but reporting that St. John Health had withheld Federal income tax, State tax, local tax, Social Security tax, and medicare tax for that tax year. Although Mrs. Blaga worked at Mid-Day Properties in 2005, petitioners claimed that Mrs. Blaga did not receive any wages from Mid-Day Properties and submitted a Form 4852 reporting that Mid-Day Properties had withheld State income tax, Social Security tax, and medicare tax.

Additionally, petitioners attached to their 2005 tax return a letter dated April 10, 2006, conceding that they did receive wages but contending that the Federal Government does not have jurisdiction over private citizens' wages pursuant to sections 3401(a) and 3121(a) and has only limited jurisdiction over those who are "federally connected".

The 30-day Notices To Withdraw Petitioners' Tax Returns

By letters dated July 31 and September 20, 2006, respondent informed petitioners that they had submitted frivolous tax returns for the tax years 2002 and 2004, respectively, and provided a 30-day period from the date of those notices for petitioners to withdraw their frivolous tax returns (notices to withdraw). Each notice to withdraw stated that if petitioners withdrew those frivolous tax returns, the penalty imposed under section 6702 would not apply with respect to those returns. Respondent did not issue a letter requesting petitioners to withdraw their 2003 amended return and their 2005 tax return. By a letter dated August 27, 2006, petitioners informed respondent that they refused to withdraw their 2002 amended return. They reiterated that they had filed a valid amended tax return for the tax year 2002 because they were not employees according to sections 3401(a) and 3121(a) and had not conducted a "trade or business" within the meaning of section 7701(a)(26). Petitioners

did not respond to the September 20, 2006, notice in regard to tax year 2004.

## The Assessment of the Section 6702 Penalties and the Collection Process

By letters dated February 19, 2007, January 8, 2007, December 11, 2006, and February 12, 2007 for tax years 2002,[2] 2003, 2004, and 2005, respectively, respondent assessed each petitioner with frivolous return penalties under section 6702. By letters dated April 23, March 19, March 26, and April 23, 2007, for tax years 2002, 2003, 2004, and 2005, respectively, respondent demanded payments from Mr. Blaga to satisfy the section 6702 penalties assessed against him. By letters dated April 30, March 19, March 26, and April 23, 2007, for tax years 2002, 2003, 2004, and 2005, respectively, respondent demanded of Mrs. Blaga that she pay the section 6702 penalties assessed against her.

On April 28, 2007, respondent issued to Mrs. Blaga a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for the tax years 2003 and 2004. On May 24, 2007, petitioners requested a collection due process hearing for the tax years 2003

---

[2]The 2002 notice of penalty charge informed Mr. and Mrs. Blaga that a penalty of $1,000 had been imposed on each of them for each of their frivolous amended returns. The other notices informed Mr. and Mrs. Blaga that a penalty of $500 had been imposed on each of them for either their frivolous amended return for the tax years 2003 and 2004 or their frivolous 2005 tax return.

and 2004.  On July 24, 2007, respondent issued to Mr. Blaga a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for the tax years 2002, 2003, 2004, and 2005.  On August 22, 2007, petitioners requested a collection due process hearing for the tax years 2002, 2003, 2004, and 2005.  On November 8, 2007, respondent issued to Mrs. Blaga a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for the tax years 2002 and 2005.  In a letter dated November 26, 2007, petitioners requested a collection due process hearing for the tax years 2002 and 2005.  In each of the letters requesting a collection due process hearing petitioners asserted that the Federal Government cannot tax their wages or business income because the Federal Government does not have jurisdiction over them as private citizens.

On November 26, 2007, respondent prematurely filed a notice of levy with LaSalle Bank Midwest N.A. in an attempt to collect from petitioners' personal bank accounts the section 6702 penalties for the tax years 2002, 2003, 2004, and 2005.  By letter dated December 10, 2007, respondent withdrew the notice of levy.

By a letter dated April 18, 2008, petitioners requested that the hearing be held by correspondence.  On July 1, 2008, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the

assessment of the section 6702 penalties for the tax years 2002, 2003, 2004, 2005 and the determination to collect those penalties by levy.

On March 25, 2010, this Court issued a bench opinion in docket No. 8101-09, wherein Mr. Blaga filed a petition to contest a notice of deficiency issued for the tax year 2005. In that case the Court concluded that Mr. Blaga's assertion, such as he makes here, that private citizens' income cannot be taxable, is frivolous and warned him that a penalty would be imposed if he continued to make such an assertion.

## Discussion

### A. Jurisdiction

Section 6330(d)(1) provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity regardless of the type of underlying tax involved. This Court has held that its jurisdiction under section 6330 includes the review of the Commissioner's determination to collect a section 6702 frivolous return penalty by levy. See Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008); Lindberg v. Commissioner, T.C. Memo. 2010-67; Rice v. Commissioner, T.C. Memo. 2009-169. Therefore, this Court has jurisdiction to review respondent's notice of determination issued to petitioners under section 6330.

B. <u>Standard of Review</u>

This case involves a review of respondent's determination to proceed with collection by levy of frivolous return penalties imposed on petitioners for tax years 2002, 2003, 2004, and 2005. The Secretary has the authority to collect a tax by means of a levy. See sec. 6331(a).  A "tax" may include the liability for the section 6702 frivolous return penalty.  Sec. 6671(a); see also <u>Lindberg v. Commissioner</u>, <u>supra</u>.  Section 6330(a) provides that no levy may be made on any property or right to property of a taxpayer unless the taxpayer has been given notice of, and the opportunity for, an administrative review of the matter.  If dissatisfied with the outcome of such review, that taxpayer may seek review in the Tax Court, during which review the suspension of the levy continues.

If the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the underlying tax liability, the Court reviews the matter de novo.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 185 (2001) (citing <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000)).  Where the underlying tax liability is not an issue, this Court reviews the determination to see whether there has been an abuse of discretion.  See <u>id.</u> (citing <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120 (2001)).  The Court has described the abuse of discretion standard as meaning "arbitrary, capricious, or without

sound basis in fact or law." <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007) (citing <u>Woodral V. Commissioner</u>, 112 T.C. 19, 23 (1999)).

Petitioners are entitled to challenge the assessment of frivolous return penalties under section 6702 because no notice of deficiency was issued with respect to those penalties, see sec. 6703(b), nor did petitioners otherwise have an opportunity to dispute the assessments. Accordingly, this Court reviews petitioners' liability for the assessment of the 2002, 2003, 2004, and 2005 frivolous return penalties de novo.

The Court will review other aspects of respondent's determination regarding the collection action for abuse of discretion.

C. <u>Application of Section 6702</u>

A taxpayer is liable for a frivolous return penalty under section 6702 if three requirements are met. First, a taxpayer must file a document that purports to be an income tax return. Sec. 6702(a)(1). Second, the purported return either does not contain information on which the substantial correctness of the self-assessment may be judged or contains information that on its face indicates that the self-assessment is substantially incorrect. <u>Id.</u> Third, the defect referred to in section 6702(a)(1)(A) or (B) is based on a position which is frivolous or reflects a desire (which appears on the purported return) to

delay or impede the administration of Federal tax laws.  The Commissioner bears the burden of proof with respect to whether petitioners are liable for frivolous return penalties.  See sec. 6703(a).

For the reasons set forth below, the Court finds that respondent has met his burden of proof with respect to all three elements of section 6702 and therefore sustains respondent's assessments of the frivolous return penalties for the tax years 2002, 2003, 2004, and 2005.

Respondent satisfied the first element.  Petitioners' Forms 1040X for tax years 2002, 2003, and 2004 purported to be income tax returns filed to obtain refunds of tax.  See Callahan v. Commissioner, 130 T.C. at 53.  On each Form 1040X petitioners reported no taxable income or tax liability and claimed an overpayment.  To each was attached a Form 4852, reporting that Mr. Blaga's employer, St. John Health, had withheld Federal income tax, State tax, local tax, Social Security tax, and medicare tax.  For the tax year 2005 petitioners filed a Form 1040 which likewise reported a tax of zero and claimed an overpayment.  Petitioners attached to it a Form 4852, reporting that Mrs. Blaga's employer had withheld State tax, Social Security tax, and medicare tax.  Petitioners thus filed purported tax returns for all tax years at issue.

As to the second element of the frivolous return penalty, respondent has met his burden of proving that each of petitioners' 2002, 2003, 2004, and 2005 purported returns was substantially incorrect on its face.  Petitioners claimed on their purported returns and on the attached Forms 4852 that they received no wages, but the original Forms W-2 named their employers as either St. John Health or Mid-Day Properties and stated that their employers had withheld certain taxes on the compensation paid in exchange for petitioners' services.  Furthermore, petitioners reported on their purported returns for 2002 and 2003 that Mrs. Blaga's business earned no income but claimed a deduction for one-half of her self-employment tax.  The letter attached to their purported return for 2005 makes patently erroneous assertions such as that the Federal Government could only tax income "federally connected" and not the wages petitioners received from the private sector.  By the same token, none of the purported returns petitioners submitted contained information on which the substantial correctness of the self-assessment might be judged.

The third and final element of the frivolous return penalty is likewise satisfied because the purported returns reflect frivolous positions.  This Court and others have repeatedly characterized returns reflecting zero income and zero tax as frivolous.  See Ulloa v. Commissioner, T.C. Memo. 2010-68

(deeming frivolous a taxpayer's assertions based on "zero returns" reporting no income and no tax liability and imposing a penalty under section 6673(a)(1)); Hill v. Commissioner, T.C. Memo. 2003-144 (same); Rayner v. Commissioner, T.C. Memo. 2002-30 (same), affd. 70 Fed. Appx. 739 (5th Cir. 2003).

To report zero wages on their returns, petitioners advanced other arguments, including that wages do not constitute taxable income under sections 3401 and 3121 and that the Federal Government does not have authority under the Constitution to impose a tax on private citizens' income.  Courts have repeatedly found such arguments as made here to be frivolous.  See Tickel v. United States, 815 F.2d 706 (6th Cir. 1987) (same); Himes v. United States, 802 F.2d 458 (6th Cir. 1986) (same); Yuen v. United States, 290 F. Supp. 2d 1220, 1224 (D. Nev. 2003) (holding a taxpayer had taken a frivolous position based on the argument that his wages do not constitute taxable income); see also Pabon v. Commissioner, T.C. Memo. 1994-476 (finding frivolous a taxpayer's position that private citizens' income is tax-exempt).

The Court concludes that petitioners are liable under section 6702 for the frivolous return penalties for the tax years 2002, 2003, 2004, and 2005 because all the elements of section 6702 have been met.

D. <u>The Notice of Determination To Proceed With the Levy</u>

The Court now addresses whether respondent abused his discretion in determining to proceed with collection by levy of the frivolous return penalties. Petitioners bear the burden of proof. See Rule 142(a); see also <u>Hardie v. Commissioner</u>, T.C. Memo. 2007-335. The Court finds that the Appeals officer did not abuse his discretion in determining to proceed with the levy to collect the frivolous return penalties petitioners owed for the tax years 2002, 2003, 2004, and 2005. Petitioners fail to meet their burden of proof because they merely repeat frivolous arguments. Furthermore, respondent's Appeals settlement officer verified that all the requirements of any applicable law or administrative procedure were met and that the proposed levy action appropriately balanced the need for efficient collection of taxes with petitioners' concerns that the levy be no more intrusive than necessary.

<u>Conclusion</u>

This Court sustains respondent's imposition of the frivolous return penalties for the tax years 2002, 2003, 2004, and 2005 because respondent has met all the elements set forth in section 6702. Furthermore, the Court concludes that respondent committed no error nor abuse of his discretion in determining to collect by levy the frivolous return penalties for the tax years 2002, 2003, 2004, and 2005.

This Court has considered all arguments the parties have made and has found those arguments not discussed herein to be irrelevant and/or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.