T.C. Memo. 2012-47

UNITED STATES TAX COURT

JAMES R. GARBER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2863-11.                    Filed February 22, 2012.

James R. Garber, pro se.

<u>Nathan M. Swingley</u>, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This matter is before the Court on the parties' cross-motions for summary judgment pursuant to Rule 121.[1]  In his motion, respondent moves that no genuine issue exists as to any material fact and that the Court should sustain his determination of petitioner's deficiencies in income tax and the related additions to tax.  Respondent further moves that the Court award a penalty to the United States pursuant to section 6673 on the basis that petitioner instituted these proceedings primarily for the purpose of delay and/or petitioner's position in the present case is frivolous or groundless.

In his motion, petitioner contends that respondent has not been able to provide him with "any Section of the IRS code which makes the petitioner LIABLE for the tax imposed in Section 1 of the Code" and that "[i]f the respondent can locate any section of the code which makes the petitioner 'liable' or 'required' to file a return, the petitioner will immediately plead guilty thereby saving the court a great deal of time and money."

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

## Background

At the time the petition was filed, petitioner resided in Indiana.

On November 15, 2010, respondent mailed petitioner two separate notices of deficiency (notices) for the taxable years 2007 and 2008. Respondent determined a deficiency of $1,512 in petitioner's 2007 income tax, as well as additions to tax of $340.20 and $219.24 pursuant to section 6651(a)(1) and (2),[2] respectively. Respondent also determined a deficiency of $1,044 in petitioner's 2008 income tax, as well as additions to tax of $234.90 and $88.74 pursuant to section 6651(a)(1) and (2), respectively. Respondent made his determinations in the notices on the basis of substitutes for returns completed pursuant to section 6020(b) and in accordance with section 301.6020-1(b), Proced. & Admin. Regs.

Petitioner timely filed his petition with this Court. In his petition, petitioner does not dispute his receipt of income for the tax years 2007 and 2008 or the amounts of respondent's calculated deficiencies and additions to tax. Instead, petitioner contends that he never received an official assessment for 2007 or 2008 and, because he did not file a return for 2007 or 2008, respondent "had nothing"

---

[2]The amount of any addition to tax pursuant to sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

on which to base his "bogus assessments or Notices of Deficiency pursuant to "[sections] 6201(1) [and] 6211(1) (A)".

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials.  Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).  A motion for summary judgment is granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(b); FPL Group, Inc. v. Commissioner, 116 T.C. 73, 74-75 (2001); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

Petitioner's response to respondent's motion fails to indicate that there is a genuine issue for trial.  Consequently, we conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

In his motion and in his response to respondent's motion, petitioner makes many unfounded arguments which lead him to his conclusion that no statutes render him liable for Federal income taxes.  For example, petitioner's claims include statements such as:  (1) respondent has not been able to provide him with "any Section of the IRS code which makes the petitioner LIABLE for the tax imposed in Section 1 of the Code"; (2) "a resident of the fifty states may choose to

file a return thereby assessing himself or he 'may' choose not to do so. (A definition of 'may' can be found in any dictionary.)"; and (3) "The only person in the Code required to file a tax return for income taxes is the withholding agent referred to in Section 1461 and, the only Persons referred to in Section 7203 (the Section used to erroneously send Persons to prison) are Withholding Agents (See Section 7343)" * * * [and] "Petitioner is not a Withholding Agent referred to in Section 7343." Petitioner further argues that it "appears quite evident that the commissioner is trying to declare any law that might bolster a petitioner's case declared frivolous, thus attempting to rule by regulation in total disregard to the underlying LAWS and to THE CONSTITUTION." Petitioner concludes by stating that if respondent cannot produce the Code sections upon which his tax liabilities are premised, then "all of the Notices of Deficiency, Proposed Assessments, 4340 forms and Substitutes for Returns are null and void and just a diabolical plot to manufacture a fake 'Certificate of Assessment' of zero '0' in order to have a basis for illegal Notices of Deficiency. (You might say the IRS Position is 'FRIVOLOUS and WITHOUT MERIT.)".

As we have said of similar arguments on previous occasions, petitioner's arguments are frivolous and devoid of any basis in the law. We need not refute them with somber reasoning and copious citation of precedent; to do so might

suggest that they have some colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Wnuck v. Commissioner, 136 T.C. 498 (2011); Guthrie v. Commissioner, T.C. Memo. 2006–81. Petitioner has raised no issue in the pleadings to indicate that respondent's determinations in the notices were incorrectly computed, and there is no genuine issue of material fact surrounding whether respondent made any assessments regarding petitioner for 2007 or 2008.[3] Consequently, we find respondent's determinations in the notices for petitioner's 2007 and 2008 taxable years to be correct. Accordingly, we will grant respondent's motion for summary judgment.

Section 6673 Penalty

Respondent moved the Court to impose a penalty on petitioner under section 6673(a)(1). Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceeding or instituted the proceeding primarily for delay. A position "is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

---

[3]Attached to respondent's motion were copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, dated December 5, 2011, which reflect that no assessments or payments were made regarding petitioner's income tax liabilities for 2007 and 2008. Respondent also attached Form 3050, Certification of Lack of Record, showing that petitioner filed no return for 2007 or 2008.

This Court has ruled that arguments such as those petitioner asserts here are frivolous and wholly without merit.  See Williams v. Commissioner, T.C. Memo. 1999-277 (imposing section 6673 penalty for tax-protester arguments). Accordingly, we find that petitioner advanced frivolous arguments primarily for the purpose of delay and require that he pay a penalty of $1,000 to the United States pursuant to section 6673(a)(1).  We also warn petitioner that we will consider imposing a larger penalty if he returns to the Court and advances frivolous or groundless arguments in the future.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion and denying petitioner's motion, and decision will be entered for respondent.