NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 14, 2013[*]
Decided February 15, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2278

| | |
|---|---|
| JAMES R. GARBER, | Appeal from the United States Tax Court. |
| *Plaintiff-Appellant,* | |
| | No. 2863-11 |
| *v.* | |
| | Robert P. Ruwe, |
| COMMISSIONER OF INTERNAL REVENUE, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

James Garber appeals the Tax Court's grant of summary judgment in favor of the Commissioner of Internal Revenue and imposition of sanctions in this suit protesting notices of deficiency for the 2007 and 2008 tax years. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Garber did not file an income-tax return in 2007 or 2008. After determining that he had earned about $20,000 each year, the Internal Revenue Service notified him that he owed $3,437 in back taxes and penalties. Garber petitioned the Tax Court for redetermination of the deficiencies and penalties, maintaining that the IRS could not assess deficiencies against him because he had not filed a tax return.

The Tax Court granted summary judgment for the Commissioner, finding that Garber's arguments were based on unfounded objections to the federal tax system rather than a colorable claim that the deficiency notices were incorrect. Because it found his arguments frivolous, the court also granted the Commissioner's motion for $1,000 in sanctions.

On appeal, Garber generally asserts that his wages do not constitute taxable income and that the Internal Revenue Code does not require him to file a tax return.

The federal courts, however, have roundly rejected such arguments. *See United States v. Raymond*, 228 F.3d 804, 812 (7th Cir. 2000); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) (such arguments are "frivolous squared"); *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001); *Newman v. Schiff*, 778 F.2d 460, 467 (8th Cir. 1985).

Garber further suggests that the IRS improperly sent him deficiency notices before making a final assessment of the taxes he owed. This argument misapprehends the significance of a tax assessment. An assessment is not a prerequisite to tax liability but a "formal determination that a taxpayer owes money." *Moran v. United States*, 63 F.3d 663, 666 (7th Cir. 1995); *see also Stevens v. United States*, 49 F.3d 331, 336 (7th Cir. 1995). IRS regulations prohibit the agency from making this determination before notifying a taxpayer of an alleged deficiency or, if the taxpayer disputes the deficiency, before the Tax Court's decision becomes final. *See* 26 U.S.C. § 6213(a). These regulations do not relieve Garber from tax liability.

The Commissioner has moved for sanctions against Garber. We agree that Garber's appeal is frivolous and therefore grant the motion and impose sanctions of $4,000, the presumptive sanction for filing a frivolous appeal in a tax case. *See Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006).

AFFIRMED.