T.C. Memo. 2014-134

UNITED STATES TAX COURT

JOHN LEWIS HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29332-12L.                         Filed July 7, 2014.

John Lewis Hill, pro se.

Anne M. Craig, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d)(1),[1]

petitioner, John Lewis Hill, seeks review of respondent's determination to proceed

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] with collection. The matter is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121, and to impose a penalty under section 6673. Mr. Hill objects to respondent's motion.

After a concession,[2] the issues for decision are: (1) whether Mr. Hill is liable for a $5,000 frivolous return penalty under section 6702 for 2005; (2) whether respondent abused his discretion in sustaining a proposed levy and a notice of Federal tax lien for 2005; and (3) whether the Court should impose a penalty under section 6673(a). We conclude that there is no genuine dispute as to any material fact.

Background

Mr. Hill resided in Florida at the time that the petition was filed with the Court.

Mr. Hill filed his Form 1040, U.S. Individual Income Tax Return, for 2005 on January 14, 2009. With the exception of lines 40 and 41 (showing the standard deduction as a positive amount and a negative amount, respectively) and line 42 (showing the exemption amount), each line on Mr. Hill's Form 1040 was either

---

[2] The Internal Revenue Service (IRS) assessed two separate $5,000 frivolous return penalties under sec. 6702 for 2005: one on March 12, 2012, and the other on April 30, 2012. Respondent now concedes that the March 12 penalty was invalid and will abate it.

**[*3]** left blank or filled in with a zero. Mr. Hill reported taxable income of zero

for 2005 and did not make any estimated tax payments.

Mr. Hill attached to his Form 1040 a document purporting to "correct" to

zero the amounts reported on various Forms 1099-MISC, Miscellaneous Income.[3]

The document attached to Mr. Hill's Form 1040 included the following statement:[4]

> The purpose of this document is to rebut and correct payments made to
> myself, John L. Hill, by third party "PAYERS," for the year 2005, that
> erroneously allege "gains, profit, or income" made in the course of a "trade
> or business" as the term "trade or business" is defined under [s]ection
> 7701(a)(26), "income" for the purpose of an "income tax," or "gross
> income" for the purpose of an "income tax." The corrected amounts
> indicate the proper amount of "gains, profit, or income" made in the course
> of a "trade or business" as the term "trade or business" is defined under
> [s]ection 7701(a)(26), "income" for the purpose of an "income tax," or
> "gross income" for the purpose of an "income tax" paid to me, the
> "RECIPIENT," by those third party "PAYERS."

On April 7, 2012, more than three years after Mr. Hill filed his Form 1040,

the IRS completed a Form 8278, Assessment and Abatement of Miscellaneous

Civil Penalties, based on the Form 1040. On April 30, 2012, the IRS assessed a

$5,000 civil penalty against Mr. Hill for filing a frivolous income tax return. The

---

[3] The document attached to Mr. Hill's Form 1040 for 2005 purported to
correct Forms 1099, filed by Blue Cross & Blue Shield of Florida, Inc., United
Health Care Insurance Co., and North American Health Plans, Inc., and a
consolidated Form 1099-MISC filed by Ameritrade.

[4] Mr. Hill also attached to his Form 1040 a letter in which he objected to
filing a Form 1040 and questioned respondent's authority to request one.

[*4] IRS subsequently issued Mr. Hill a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), dated July 3, 2012,[5] and a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (NFTL), dated July 17, 2012.

On August 1, 2012, Mr. Hill timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to the levy notice and the NFTL. The IRS received the Form 12153 on August 2, 2012, and Mr. Hill's case was assigned to Settlement Officer Joe Breazeale (Settlement Officer Breazeale) of the IRS Office of Appeals (Appeals) in Jacksonville, Florida. Mr. Hill requested that communications be conducted exclusively via U.S. mail. As a result, Mr. Hill and Settlement Officer Breazeale exchanged several letters, and the collection due process hearing (CDP hearing) was conducted through this exchange. In his letters Mr. Hill took several frivolous positions, arguing that he was not liable for income tax because he is not a withholding agent under section 1461, was not involved in a trade or business, and did not have any income from a trade or business. He also claimed that his Form 1040 had been "stamped and

---

[5] The levy notice stated that Mr. Hill owed over $10,000 in civil penalties and interest. This amount included the $5,000 penalty assessed on April 30, 2012, as well as the $5,000 penalty assessed on March 12, 2012, which respondent has since conceded. See supra note 2.

**[\*5]** processed as valid" and that the IRS was therefore required to treat it as valid. He did not offer any collection alternatives.

In his letters to Mr. Hill, Settlement Officer Breazeale stated that Mr. Hill's Form 1040 "was not processed as valid" explaining that "when the IRS receives a tax return a date stamp is placed on the return to show the date that it was received. The date stamp does not make the return valid." Settlement Officer Breazeale also informed Mr. Hill that the arguments raised in the document attached to Mr. Hill's Form 1040 were frivolous.

On November 2, 2012, Appeals issued Mr. Hill a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination) sustaining the proposed levy and the notice of lien filing. Mr. Hill timely petitioned the Court.

## Discussion

I.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd,

**[*6]** 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. at 520. However, the nonmoving party "may not rest upon * * * mere allegations or denials" but instead "must set forth specific facts showing that there is a genuine dispute". Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. at 520. Because we find that there is no genuine dispute as to any material fact, this case is ripe for summary judgment.

II.     Jurisdiction

    A.     Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for tax when a demand for payment of the tax has been made and the taxpayer fails to pay the tax. Section 6320(a) provides that the Secretary shall furnish the taxpayer with an NFTL within five business days after the notice of lien is filed.

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for tax if the taxpayer fails to pay the tax within 10 days after notice and demand for payment is made. See sec. 6671(a); see also Blaga v. Commissioner, T.C. Memo. 2010-170, slip op. at 11. Section 6330(a) provides

**[*7]** that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.

If a taxpayer requests a hearing in response to an NFTL or a notice of levy pursuant to section 6320 or 6330, a hearing shall be held before an impartial officer or employee of Appeals. Secs. 6320(b)(1), (3), 6330(b)(1), (3). The hearing under section 6320 generally shall be conducted in a manner consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C.

**[\*8]** 604, 609 (2000). The phrase "underlying tax liability" includes the section 6702 frivolous return penalty. See Callahan v. Commissioner, 130 T.C. 44, 49 (2008).

Following a hearing Appeals must determine whether to sustain the filing of the lien and whether proceeding with the proposed levy is appropriate. In making that determination Appeals is required to take into consideration: (1) the verification required by section 6330(c)(1), (2) relevant issues raised by the taxpayer, and (3) whether the proposed lien or levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

B. Standard of Review

Section 6330(d)(1) grants this Court jurisdiction to review Appeals' determination in connection with a collection hearing. Where the underlying tax liability is properly at issue, we review the taxpayer's liability de novo. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review all other determinations for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. Appeals abuses its discretion if it acts "arbitrarily, capriciously, or

[*9] without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Mr. Hill may challenge the assessment of the frivolous return penalty under section 6702 because he has not had a prior opportunity to dispute the assessment. Accordingly, we review Mr. Hill's liability for the section 6702 penalty de novo. We otherwise review Appeals' determination to proceed with collection actions regarding Mr. Hill's unpaid section 6702 penalty for abuse of discretion.

III.    Section 6702 Penalty

A taxpayer is liable for a frivolous return penalty under section 6702 if three requirements are met. See Callahan v. Commissioner, 130 T.C. at 51; Lindberg v. Commissioner, T.C. Memo. 2010-67. First, the taxpayer must have filed a document that purports to be an income tax return. Sec. 6702(a)(1). Second, the purported return must have either not contained information on which the substantial correctness of the self-assessment may be judged or contained information that on its face indicated that the self-assessment was substantially incorrect. Id. Third, the defect must have been based on a position which the Secretary has identified as frivolous or reflected a desire (which appeared on the purported return) to delay or impede the administration of Federal tax laws. Sec.

[*10] 6702(a)(2). The amount of the penalty is $5,000.[6] Sec. 6702(a). The Commissioner bears the burden of proof with respect to whether a taxpayer is liable for a frivolous return penalty. Sec. 6703(a).

Respondent produced Mr. Hill's Form 1040 for 2005, in which Mr. Hill reported zero income, claimed the standard deduction and two personal exemptions, and reported no tax liability. The Form 1040 constitutes a document that purports to be an income tax return. See Callahan v. Commissioner, 130 T.C. at 51; Shirley v. Commissioner, T.C. Memo. 2014-10, at *19. Mr. Hill's Form 1040 was a zero return containing information that, on its face, indicated that the self-assessment was substantially incorrect. Blaga v. Commissioner, slip op. at 14. Courts have held repeatedly that a zero return reporting no income and no tax liability reflects a frivolous position. Id., slip op. at 14-15; see also Tickel v. United States, 815 F.2d 706 (6th Cir. 1987); Himes v. United States, 802 F.2d 458

---

[6] In 2006 Congress amended sec. 6702, increasing the penalty from $500 to $5,000 and broadening its reach to include other types of frivolous tax submissions. Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, div. A, sec. 407(a), 120 Stat. at 2960; see also Alexander v. Commissioner, T.C. Memo. 2012-75, slip op. at 6-7. The amendment was effective for submissions made and issues raised after the date the Secretary first prescribed a list of frivolous positions pursuant to sec. 6702(c). The Secretary first prescribed a list of frivolous positions on March 15, 2007, in Notice 2007-30, 2007-1 C.B. 883. Mr. Hill filed his Form 1040 on January 14, 2009. Therefore, sec. 6702, as amended, applies in this case.

[*11] (6th Cir. 1986).  The Secretary also has identified this position as frivolous.  See Notice 2008-14, 2008-1 C.B. 310, 310, modifying and superseding Notice 2007-30, 2007-1 C.B. 310.

Accordingly, respondent has met his burden of proof by showing that Mr. Hill's Form 1040 satisfied all three requirements of section 6702.  We find Mr. Hill liable for a section 6702 penalty of $5,000 for filing a zero return for the 2005 tax year.

IV.    Determination To Proceed with Collection

In his "Response to Respondent's Motion for Summary Judgment and Penalty Under Section 6673" and during the summary judgment hearing Mr. Hill raised arguments that this Court and others have consistently determined to be frivolous.[7]  See Hill v. Commissioner, T.C. Memo. 2013-265, at *7; Garber v. Commissioner, T.C. Memo. 2012-47, slip op. at 5-6, aff'd, 500 Fed. Appx. 540 (7th Cir. 2013).  However, during the summary judgment hearing, respondent's counsel invited the Court's attention to a potential statute of limitations issue.

---

[7] As we have said of similar arguments on previous occasions, these arguments are frivolous and devoid of any basis in the law.  We need not refute them with somber reasoning and copious citation of precedent; to do so might suggest that they have some colorable merit.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Wnuck v. Commissioner, 136 T.C. 498 (2011); Guthrie v. Commissioner, T.C. Memo. 2006-81.

**[\*12]** As respondent's counsel explained, the section 6702 penalty was assessed on April 7, 2012--more than three years after Mr. Hill's Form 1040 was filed. Section 6501(a) establishes a general rule that taxes imposed under title 26 must be assessed within three years after a return is filed. If (1) the section 6702 penalty is considered a tax for purposes of section 6501 and (2) Mr. Hill's Form 1040 does not fall within any of the exceptions to the general three-year rule, then assessment of the section 6702 penalty would be barred. The Court directed the parties to submit briefs on this issue.

On brief, Mr. Hill adopts as his own argument the section 6501 statute of limitations issue raised by respondent's counsel. He argues that the section 6702 penalty is a tax for purposes of section 6501, that the penalty was assessed more than three years after he filed his 2005 tax return, and that his Form 1040 was a valid return. Respondent argues that the section 6702 penalty is not a tax for purposes of section 6501(a); and even if it were, Mr. Hill's Form 1040 did not constitute a valid return for purposes of section 6501. Because we find that Mr. Hill's Form 1040 was not a valid return, we need not address whether the section 6702 penalty is considered a tax for purposes of section 6501(a).

A document is sufficient for commencing the period of limitations under section 6501(a)(1) if it meets the four-part test enunciated in Beard v.

[*13] Commissioner, 82 T.C. 766, 777 (1984), aff'd per curiam, 793 F.2d 139 (6th Cir. 1984): "First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury." See, e.g., ICI Pension Fund v. Commissioner, 112 T.C. 83, 88 (1999).

Respondent argues that Mr. Hill's Form 1040 fails the Beard test because it does not provide sufficient data to calculate Mr. Hill's tax liability and does not constitute an honest and reasonable attempt to satisfy the tax law. Mr. Hill denies that his Form 1040 was frivolous and argues that respondent has failed to show any "evidence that disputes petitioner's evidence that shows certain amounts he received during the year 2005 are not taxable income, as the income tax laws apply to himself."[8]

Mr. Hill also cites Service Center Advice 200114033, at 1 (Apr. 6, 2001), for the proposition that "[o]nce an otherwise frivolous return is treated as valid, it is a valid return for all tax purposes." This argument does not have merit. As we

_____

[8] In doing so, Mr. Hill again reverts to the same frivolous arguments that he has unsuccessfully relied upon throughout these proceedings and in other proceedings before this Court. See, e.g., Hill v. Commissioner, T.C. Memo. 2013-265.

[*14] have previously stated: "Service Center Advice is not precedent, is not law, and is not binding. * * * [Moreover, Service Center Advice 200114033] does not state that if the Commissioner mistakenly begins to process a frivolous return as valid, the Commissioner may not correct the error." Laue v. Commissioner, T.C. Memo. 2012-105, slip op. at 10-11. We also note that there is no credible evidence that Mr. Hill's return was processed as valid. While Mr. Hill places great weight on the fact that the IRS stamped his return "RECEIVED" and "No Statute Issue", neither stamp indicates that the IRS considered his return valid at any point.[9]

Mr. Hill's Form 1040 for 2005 was a frivolous zero return that failed to provide "sufficient data to calculate tax liability" or to reasonably "attempt to satisfy the requirements of the tax law." Cf., e.g., United States v. Pilcher, 672 F.2d 875, 877 (11th Cir. 1982) ("Protest documents duplicating in part U. S. individual income tax return form 1040's but containing no financial data are not tax 'returns' for the purposes of section 7203."); United States v. Smith, 618 F.2d 280, 281 (5th Cir. 1980) ("The bare act of filing a form 1040 does not constitute a tax 'return' under section 7203."). Consequently, even if the section 6501(a)

---

[9] Settlement Officer Breazeale also informed Mr. Hill that the IRS had not processed his return as valid.

**[\*15]** limitations period applies to the section 6702 penalty--which we do not decide--Mr. Hill's Form 1040 was not valid and the limitations period would not have begun to run. See sec. 6501(c)(3) ("In the case of failure to file a return, the tax may be assessed * * * at any time.").

We find that respondent's assessment of the section 6702 penalty is not barred by the statute of limitations, that Appeals' determination to proceed with collection was not an abuse of discretion, and that the proposed collection action is sustained.

## V.    Section 6673 Sanction

Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceeding or instituted or maintained the proceeding primarily for delay.  Respondent seeks a penalty because Mr. Hill raised frivolous arguments.

Mr. Hill is no stranger to this Court and has been sanctioned on several occasions.[10]  Despite the rebukes he has received in prior cases, Mr. Hill initiated

_____

[10]  Respondent has asked the Court to impose a sec. 6673 penalty on Mr. Hill on multiple occasions.  In the case at docket no. 13267-09L, we warned Mr. Hill not to raise frivolous arguments again but declined to impose a sec. 6673 penalty.  In the case at docket no. 15452-10L, we imposed a $5,000 penalty.  In the case at docket no. 14625-12, we imposed a $10,000 penalty.  And, in a consolidated proceeding under docket nos. 221-10 and 15501-10, we imposed

(continued...)

**[\*16]** these proceedings using arguments that this Court has found to be frivolous. Hill v. Commissioner, T.C. Memo. 2013-265, at \*7; Garber v. Commissioner, T.C. Memo. 2012-47, slip op. at 5-6. Mr. Hill continued to espouse these frivolous arguments leading up to and throughout the summary judgment hearing. However, Mr. Hill pivoted away from these frivolous arguments after the Court directed the parties to submit briefs on the statute of limitations issue.

Mr. Hill's checkered history notwithstanding, he has succeeded here in arguing an issue that merits consideration. While we hold that Mr. Hill's Form 1040 was invalid and that the period of limitations is open, Mr. Hill made some arguments, on brief, that were not frivolous. Although a taxpayer who makes frivolous arguments is not immune from penalty just because some of his arguments are not frivolous, we decline to sanction Mr. Hill in this case. We do, however, strongly warn Mr. Hill, once again, that he may be subject to further section 6673 penalties in future cases if he persists in maintaining proceedings to delay or to advance frivolous arguments.

---

[10] (...continued)
$10,000 for each of the consolidated cases for total penalties of $20,000.

**[*17]** In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.  To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.