131 T.C. No. 5

UNITED STATES TAX COURT

MAUREEN PATRICIA WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1026-07L.                Filed September 10, 2008.

P did not timely request a hearing with R's Ap-
peals Office with respect to a proposed levy action.
As a result, that office held an equivalent hearing
with respect to that proposed action.  Thereafter, R's
Appeals Office sent P a document entitled "**NOTICE OF
DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER
SECTION 6320 and/or 6330**" in which that office recited
those facts.  In the document that R's Appeals Office
sent P, that office concluded that it was sustaining
the proposed levy action and that P was not entitled to
seek judicial review of the conclusions in that docu-
ment.  Inconsistently, R's Appeals Office concluded in
the document that it sent P that P was entitled to seek
judicial review of the conclusions therein by timely
filing a petition with the Court.

Held:  The document that R's Appeals Office sent P
does not embody a determination under sec. 6330, I.R.C.
Held, further, that document is not a valid notice of
determination under sec. 6330, I.R.C., that P is enti-

tled to appeal under sec. 6330(d)(1), I.R.C.  Held,
further, the Court does not have jurisdiction over this
case.


Maureen Patricia Wilson, pro se.

Laura Daly and A. Gary Begun, for respondent.


OPINION


CHIECHI, Judge:  This case is before the Court on its Order
dated May 30, 2008 (Court's Show Cause Order), in which the Court
ordered each party to file a written response to that Order
showing why this case should not be dismissed for lack of juris-
diction.  We shall make the Court's Show Cause Order absolute and
dismiss this case for lack of jurisdiction.

The record establishes and/or the parties do not dispute the
following.

Petitioner's address shown in the petition in this case was
in Belleville, Michigan.

On June 29, 1998, respondent assessed against petitioner a
trust fund recovery penalty under section 6672[1] of $37,560.77
that was attributable to the respective unpaid Federal tax
liabilities of New Wave Communications, Inc., for the periods

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.

ended June 30, 1996, through September 30, 1997.[2] (We shall refer to any unpaid assessed portion of that penalty, as well as interest as provided by law accrued after June 29, 1998, as petitioner's unpaid liability.)

On June 29, 1998, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability.

On July 19, 2003, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid liability.

Petitioner did not submit to respondent Form 12153, Request for a Collection Due Process Hearing, until March 6, 2006. Thereafter, respondent granted petitioner an equivalent hearing with respondent's Appeals Office (Appeals Office) with respect to the notice of intent to levy.

On December 20, 2006, the Appeals Office issued to petitioner a document (Appeals Office December 20, 2006 document) that included a form letter entitled "**NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330**" (section 6330 determination form letter). The Appeals Office is supposed to use that form letter where it makes a determination

---

[2]On Apr. 15, 2003, respondent credited a refund of $507 due to petitioner for her taxable year 2002 against the unpaid trust fund recovery penalty that respondent had assessed against her on June 29, 1998.

under section 6330 to sustain a proposed collection action.[3]  See

Internal Revenue Manual (IRM) pt. 8.22.1.1.1.2.1(4) (Oct. 19,

2007).

The section 6330 determination form letter contains certain

boilerplate language that states in pertinent part:

> We have reviewed the collection actions that were taken
> or proposed for the period(s) shown above.  This letter
> is your Notice of Determination, as required by law.  A
> summary of our determination is stated below.  The
> attached statement shows, in detail, the matters we
> considered at your Appeals hearing and our conclusions
> about them.
>
> If you want to dispute this determination in court, you
> must file a petition with the United States Tax Court
> within 30 days from the date of this letter.

The section 6330 determination form letter also contains

certain information specific to the taxpayer to whom it is

issued, such as the name and the address of the taxpayer, the

type of tax at issue, the tax period at issue, and the Appeals

Office's "**Summary of Determination**" regarding the action proposed

to collect the taxpayer's tax liability.

The Appeals Office December 20, 2006 document contained the

boilerplate language discussed above.  That document also con-

tained the following "**Summary of Determination**" that pertained to

---

[3]Instead of using the section 6330 determination form let-
ter, the Appeals Office is supposed to use a form letter entitled
"Decision Letter Concerning Equivalent Hearing Under Section 6320
and/or 6330 of the Internal Revenue Code" (form decision letter)
where the taxpayer did not timely request a hearing with that
office under sec. 6330 and an equivalent hearing was granted.
See IRM pt. 8.22.1.3.2(3) (Oct. 19, 2007).

petitioner:

> Collection Due Process (CDP) requested regarding the
> proposed levy action.
> The request was received 3/10/2006.
> LT 1058 was sent to the taxpayerᴑs [sic] last known
> address on 7/19/2003.
> Therefore, the request made was not timely.
> Based on the telephone conference and the administra-
> tive file the collection action is sustained.

> See the attached Appeals Case Memorandum.

The Appeals case memorandum included as part of the Appeals

Office December 20, 2006 document stated in pertinent part:

> * Per review of computer transcripts, the CDP notice
> Letter 11 (LT-11) Final Notice - of Intent to Levy, and
> Notice of Your Right to a Hearing was sent by Certified
> Mail, Return Receipt Requested, to the taxpayer's last
> known address, which was also the address, indicated on
> the CDP hearing request.  The date of the notice was
> July 19, 2003.

> * IRC 6330 * * * allows a taxpayer to raise any rele-
> vant issues relating to the unpaid tax or the proposed
> levy at the due process hearing.  The Form 12153,
> Request for a Collection Due Process Hearing was re-
> ceived March 10, 2006, which was more than 30 days from
> the date of the LT11.  Although the taxpayer's request
> was not timely regarding the levy, the taxpayer was
> granted an Equivalent Hearing -- equivalent in all
> respects except that the taxpayer will not have the
> right to judicial review.  Therefore, the decision of
> Appeals will be final regarding the Notice of levy.

On June 4, 2008, respondent filed a response to the Court's

Show Cause Order (respondent's response).  Although the Court

ordered petitioner to file a response to that Order, she did not

do so.

On July 8, 2008, the Court held a hearing on the Court's Show Cause Order. There was no appearance by or on behalf of petitioner. Counsel for respondent appeared and was heard.

On July 22, 2008, respondent filed a supplement to respondent's response. In respondent's response as supplemented, respondent indicates that it is respondent's position that the Court does not have jurisdiction over the instant case.

Our jurisdiction under section 6330(d)(1) depends upon the issuance of a valid notice of determination and a timely filed petition. Offiler v. Commissioner, 114 T.C. 492, 498 (2000). In Offiler, the Court addressed whether it had jurisdiction under section 6330(d)(1) where the taxpayer had failed to request timely a hearing with the Appeals Office under section 6330. The Court held in Offiler that (1) because the taxpayer there involved did not timely request such a hearing, "Appeals made no determination pursuant to section 6330(c)", id. at 497, and (2) "Because there was no Appeals determination for this Court to review, there is simply no basis for our jurisdiction under section 6330(d)", id. at 498. See also Moorhous v. Commissioner, 116 T.C. 263, 269-270 (2001); Kennedy v. Commissioner, 116 T.C. 255, 261-263 (2001).

In determining whether the Court had jurisdiction under section 6330(d)(1) in Lunsford v. Commissioner, 117 T.C. 159 (2001), the Court restated the principle set forth in Offiler

that its jurisdiction under that section depended upon the issuance of a valid notice of determination and a timely filed petition.  Id. at 161.  According to the Court in Lunsford, "Our jurisdiction under section 6330(d)(1) * * * is established when there is a written notice that embodies a determination to proceed with the collection of the taxes in issue, and a timely filed petition."[4]  Id. at 164.  In determining whether the Court had jurisdiction under section 6330(d)(1), the Court indicated in Lunsford that there was "nothing in the notice of determination which leads us to conclude that the determination was invalid." Id. at 165.  The Court held in Lunsford that it had jurisdiction over that case.  Id.

In Craig v. Commissioner, 119 T.C. 252 (2002), the Court addressed whether it had jurisdiction under section 6330(d)(1) where the Appeals Office had issued to the taxpayer a form decision letter[5] after the taxpayer had timely requested a hearing with that office under section 6330.  The form decision letter involved in Craig stated that (1) the taxpayer did not

---

[4]In Lunsford v. Commissioner, 117 T.C. 159, 164 (2001), the Court concluded that in determining whether the Court had jurisdiction under sec. 6330(d)(1) the nonjurisdictional provisions of sec. 6330, such as the provisions relating to whether there was an appropriate hearing opportunity, whether the hearing was conducted properly, whether the hearing was fair, and whether the hearing was conducted by an impartial Appeals officer, are not to be taken into consideration.

[5]See supra note 3.

timely request a hearing with the Appeals Office under section 6330, (2) the Appeals Office granted the taxpayer an equivalent hearing, (3) the Appeals Office concluded that it was sustaining the proposed collection action, and (4) the taxpayer was not entitled to seek judicial review of the conclusions in that form letter.  Id. at 256.  The Commissioner of Internal Revenue, however, acknowledged in Craig that the taxpayer did timely request a hearing with the Appeals Office under section 6330. Id. at 253.  The Court held in Craig that "where Appeals issued the decision letter to * * * [the taxpayer] in response to * * * [the taxpayer's] timely request for a Hearing, * * * the 'decision' reflected in the decision letter * * * is a 'determination' for purposes of section 6330(d)(1)."  Id. at 259.  In reaching that holding, the Court indicated in Craig that

> Although the Appeals officer concludes an equivalent hearing by issuing a decision letter, as opposed to a notice of determination, the different names which are assigned to these documents are merely a distinction without a difference when it comes to our jurisdiction over this case, where a Hearing was timely requested. * * *
>
> * * * The fact that respondent held with * * * [the taxpayer] a hearing labeled as an equivalent hearing, rather than a hearing labeled as a Hearing, and that respondent issued to petitioner a document labeled as a decision letter, rather than a document labeled as a notice of determination, does not erase the fact that * * * [the taxpayer] received a "determination" within the meaning of section 6330(d)(1). * * *

Id. at 258-259.

In the instant case, the Appeals Office used a section 6330 determination form letter when it notified petitioner in the Appeals Office December 20, 2006 document of its conclusions regarding her appeal with respect to the proposed levy action. As a result, the Appeals Office December 20, 2006 document was entitled "**NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330"** and contained, inter alia, the following boilerplate language: "If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter." However, the Appeals Office December 20, 2006 document also contained the following statements that pertained to petitioner: (1) Petitioner did not timely request a hearing with the Appeals Office with respect to the notice of intent to levy; (2) the Appeals Office granted petitioner an equivalent hearing with respect to that notice; (3) the Appeals Office concluded that it was sustaining the proposed levy action; and (4) petitioner was not entitled to seek judicial review of the conclusions in the Appeals Office December 20, 2006 document.

The Appeals Office December 20, 2006 document is internally inconsistent.[6] We must decide whether that document embodies a

---

[6]Unlike the Appeals Office December 20, 2006 document involved in the instant case, the notice of determination involved in <u>Lunsford v. Commissioner</u>, <u>supra</u>, was not internally inconsistent. In <u>Lunsford</u>, there was nothing in the notice of

(continued...)

determination under section 6330. We cannot resolve that question on the basis of the Appeals Office's conclusion in the Appeals Office December 20, 2006 document that it was sustaining the proposed levy action. That is because a determination that the Appeals Office makes under section 6330 where the taxpayer timely requested a hearing under that section and a decision that the Appeals Office makes where the taxpayer did not timely request a hearing under section 6330 both will indicate that the Appeals Office is sustaining the proposed collection action. See, e.g., Lunsford v. Commissioner, 117 T.C. 159 (2001); Moorhous v. Commissioner, 116 T.C. 263 (2001). Nor can we resolve whether the Appeals Office December 20, 2006 document embodies a determination under section 6330 on the basis of the Appeals Office's having sent to petitioner a section 6330 determination form letter entitled "**NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330**". That is because the name or the label of a document does not control

---

6(...continued)
determination involved there that led the Court to conclude that that notice was not valid. Id. at 165. Similarly, the notice of determination involved in Kim v. Commissioner, T.C. Memo. 2005-96, was not internally inconsistent. Like Lunsford and unlike the instant case, in Kim there was nothing in the notice of determination involved there that led the Court to conclude that that notice was not valid. In respondent's response as supplemented, respondent takes the position that Kim was wrongly decided. We need not address that position. That is because Kim is materially distinguishable from the instant case.

whether the document embodies a determination under section 6330. See <u>Craig v. Commissioner</u>, 119 T.C. at 258-259.

We can, however, resolve whether the Appeals Office December 20, 2006 document embodies a determination under section 6330 on the basis of the undisputed statement in that document that petitioner did not timely request a hearing with the Appeals Office under section 6330(b) with respect to the notice of intent to levy.[7]  In determining whether the Court has jurisdiction under section 6330(d)(1), the Court must take into consideration the jurisdictional provision in section 6330(b) prescribing the 30-day period within which a taxpayer must request a hearing with the Appeals Office.[8]  See <u>Offiler v. Commissioner</u>, 114 T.C. at 497-498.  Because petitioner did not timely request a hearing with the Appeals Office with respect to the notice of intent to levy, that office did not make a determination under section 6330.  See <u>id.</u> at 497.  We hold that the Appeals Office December 20, 2006 document does not embody a determination under section 6330.  We further hold that the Appeals Office December 20, 2006

---

[7]Petitioner does not dispute, and the record independently establishes, that petitioner did not timely request a hearing with the Appeals Office with respect to the notice of intent to levy.

[8]The instant case is thus unlike <u>Lunsford v. Commissioner</u>, 117 T.C. 159 (2001).  In <u>Lunsford</u>, the Court indicated that the <u>nonjurisdictional</u> provisions in sec. 6330 are not to be taken into consideration in determining whether the Court has jurisdiction under sec. 6330(d)(1).  <u>Id.</u> at 164.  See <u>supra</u> note 4.

document is not a valid notice of determination under section 6330 that petitioner is entitled to appeal pursuant to section 6330(d)(1). Accordingly, we hold that we do not have jurisdiction over this case.[9]

To reflect the foregoing,

> An order making the Court's Show Cause Order absolute and dismissing this case for lack of jurisdiction will be entered.

---

[9]On June 6, 2007, respondent filed a motion for summary judgment. We shall deem that motion moot.