T.C. Memo. 2009-188

UNITED STATES TAX COURT

BARNABAS E. WILLIAMSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23893-07L.                    Filed August 19, 2009.

Barnabas E. Williamson, pro se.

<u>Randall L. Eager</u>, for respondent.

MEMORANDUM FINDINGS OF FACT OPINION

JACOBS, <u>Judge</u>:  This case arises from a petition for
judicial review pursuant to section 6330(d) of respondent's
determination to proceed with collection of petitioner's unpaid
Federal income tax liability for 2003 by way of levy.  The issue
involved is whether respondent abused his discretion in denying

petitioner a face-to-face hearing.  Unless otherwise indicated, all section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulated facts and the accompanying exhibits are incorporated herein by this reference.  At the time he filed his petition, petitioner resided in North Carolina.

Petitioner failed to file a Federal income tax return for 2003.  Respondent prepared a substitute for return pursuant to his authority under section 6020(b).  On May 10, 2005, a notice of deficiency was mailed to petitioner.[1]  Petitioner did not file a petition in this Court contesting respondent's determinations.  Therefore, on October 17, 2005, respondent assessed the tax and related additions to tax determined in the notice of deficiency, as well as associated interest.  On the same day that the assessment was made, respondent sent petitioner a notice and demand for payment of the deficiency and associated interest.

On April 11, 2007, respondent sent petitioner notice of his intent to levy on petitioner's assets to collect petitioner's unpaid tax liability for 2003.  In response, petitioner timely filed a Form 12153, Request for a Collection Due Process or

---

[1]Although the record does not specifically reveal that petitioner received the notice of deficiency, petitioner does not assert otherwise or that the notice of deficiency was not properly and timely issued.

Equivalent Hearing (section 6330 hearing).  Attached to petitioner's request was a form used by individuals adhering to principles espoused by the Patriot Network, a national organization that advocates tax avoidance activities as well as the frustration and delay of collection efforts by the Internal Revenue Service (IRS).  That form contained a laundry list of requests, including a request for a face-to-face hearing.  In addition, the form listed potential defects in IRS procedures and also listed arguments and requests that a taxpayer might make in a collection proceeding context.  Petitioner placed an "X" in the blank by each item even though some of them are manifestly incorrect with respect to him.

The case was assigned to Settlement Officer James M. Payton of the IRS's Appeals Office.  On July 26, 2007, Settlement Officer Payton sent petitioner a letter scheduling a telephone section 6330 hearing for August 20, 2007, at 10 a.m. eastern daylight time.  The letter informed petitioner that the issues he raised "are those that Courts have determined are frivolous or Appeals does not consider."  Further, the letter advised petitioner that because he raised only frivolous issues, he was not entitled to a face-to-face hearing.  Petitioner was informed that he would be allowed a face-to-face conference with respect to any nonfrivolous issue, provided he advised respondent of the nonfrivolous issue in writing or by telephoning Settlement

Officer Payton within 14 days from the date of the letter. Petitioner was further informed that if he wished to discuss alternatives to the intended levy, such as an installment agreement or an offer-in-compromise, he had to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to Settlement Officer Payton within 14 days from the date of the letter.

Petitioner did not respond to Settlement Officer Payton's letter. Nor did he call Settlement Officer Payton on the scheduled date and time. Nevertheless, Settlement Officer Payton sent petitioner another letter on August 21, 2007, stating: "Even though you missed your scheduled telephone conference, I am giving you another opportunity to provide me any additional information you want me to consider prior to closing your Collection Due process case on 09/10/2007."

A Form 433-A was attached to the letter for petitioner to complete if he wanted to pursue an alternative to the proposed levy.

On September 4, 2007, Settlement Officer Payton sent a third letter to petitioner to which was attached a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 2003 Federal income tax.

Petitioner responded to this letter on September 6, 2007, stating: "The Law (IRC 6330) has no provision for a telephone

conference.  I have met the criteria for a face to face conference.  I'm entitled to a face to face CDPH.  Please schedule one for me."

Settlement Officer Payton did not grant petitioner a face-to-face hearing.  On September 19, 2007, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy and rejecting all of petitioner's arguments.  An attachment to the notice of determination, written by Settlement Officer Payton, noted that (1) petitioner did not offer any collection alternatives, (2) Settlement Officer Payton reviewed the administrative file transcripts and verified that the requirements of all applicable law and administrative procedure were met, and (3) the proposed levy action with respect to the collection of petitioner's unpaid Federal income tax for 2003 appropriately balanced the need for efficient collection of tax with petitioner's legitimate concerns that the collection action be no more intrusive than necessary.

On October 16, 2007, petitioner filed a petition in this Court challenging respondent's intended collection action.  At trial petitioner advanced several unfocused and incongruous lines of argument.  Petitioner then proceeded to challenge the credentials of respondent's counsel and catechize the Court.

MR. WILLIAMSON:  And I would like to state for fact, I want to see the certified copy of a power of attorney of him [respondent's counsel] to be in this court right now.

THE COURT:  I don't think he needs one, sir.

MR. WILLIAMSON:  Well, I do.

THE COURT:  Okay.  Unfortunately I--

MR. WILLIAMSON:  I'm the secured party creditor, Your Honor.

THE COURT:  Okay.

MR. WILLIAMSON:  So if there's anybody else that has a claim against me under UCC laws, I'm the first priority.  So unless the Government has a claim against me, I want to see it.  Do you [the Court] have a claim against me?

THE COURT:  Mr. Williamson, I don't think we're going to answer your questions.  All I can say is I think your assertions do not have legal merit.  This is not a case involving the UCC.

MR. WILLIAMSON:  Well, Your Honor, aren't we under public policy?

THE COURT:  Pardon?

MR. WILLIAMSON:  Aren't we under the public policy?

THE COURT:  Again, I'm not going to answer any questions.  You will hear my result in my opinion.

MR. WILLIAMSON:  Okay, Your Honor.  I should say we are under public policy.  And you hold my remedy.

THE COURT:  I hear you.

OPINION

A.  Standard of Review

This case involves a review of respondent's determination to proceed with collection of petitioner's unpaid Federal income tax, additions to tax, and interest for 2003 by way of levy.

Section 6330 hearings concerning levies are conducted in accordance with section 6330(c).  After the Commissioner issues his notice of determination following an administrative hearing, a taxpayer has the right to petition this Court for judicial review of the determination.  Sec. 6330(d)(1).  Our review of the determination is subject to the provisions of section 6330.

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability if he/she received a notice of deficiency for the tax year in question or otherwise had an opportunity to dispute the underlying tax liability.  Sec. 6330(c)(2)(B).  In such a case, we review the Commissioner's determination for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176 (2000).  An abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in fact or law.  Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner was issued a notice of deficiency for 2003 and does not dispute that he received it, but he did not file a petition with this Court.  Petitioner is therefore not entitled to raise his underlying tax liability for 2003 in this proceeding, and we review respondent's determination to proceed with the proposed collection action for abuse of discretion.

B.  Petitioner's Request for a Face-to-Face Section 6330 Hearing

Petitioner asserts that his section 6330 hearing was invalid and unlawful because it was scheduled to be held by way of a telephone conference and not by way of a face-to-face conference.

Although a section 6330 hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances.  See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  Section 6330 hearings have historically been informal.  Davis v. Commissioner, 115 T.C. 35, 41 (2000).  We have held that it is not an abuse of discretion if an Appeals settlement officer denies a taxpayer's request for a face-to-face section 6330 hearing after determining that the hearing would not be productive on account of the taxpayer's frivolous or groundless arguments.  See Huntress v. Commissioner, T.C. Memo. 2009-161; Summers v. Commissioner, T.C. Memo. 2006-219; Ho v. Commissioner, T.C. Memo. 2006-41.

The record demonstrates that a face-to-face conference would not have been productive.  Petitioner's meeting request contained general and nonspecific arguments, many of which do not even apply to petitioner's circumstances (e.g., arguments with respect to a nonexistent notice of Federal tax lien, bankruptcy, and spousal defenses).  The settlement officer granted petitioner a telephone conference and informed him that he could still qualify

for a face-to-face conference if he would first identify a relevant nonfrivolous issue he intended to discuss. Despite being given this opportunity, petitioner presented no such matter. Even after petitioner failed to call Settlement Officer Payton at the appointed time for his conference call, the settlement officer gave petitioner another opportunity to qualify for a face-to-face meeting by mailing petitioner a letter, including Form 433-A, asking petitioner to propose a collection alternative. Petitioner's only response was a letter stating that he met all the criteria for a face-to-face meeting. Under these circumstances, it was not an abuse of discretion for Settlement Officer Payton to conclude that a face-to-face meeting would not be productive. Hence, Settlement Officer Payton was not required to offer petitioner a face-to-face conference. See Clark v. Commissioner, T.C. Memo. 2008-155; Summers v. Commissioner, T.C. Memo. 2006-219; see also Lunsford v. Commissioner, 117 T.C. 183 (2001).

C. Conclusion

Section 6330(c)(3) provides that an Appeals settlement officer must take into consideration the verification that the requirements of applicable law and administrative procedure have been met and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more

intrusive than necessary.  The notice of determination states, and petitioner does not dispute, that Settlement Officer Payton verified that the requirements of all applicable law and administrative procedure were met and that the proposed levy action appropriately balanced the need for efficient collection of taxes with petitioner's concerns that the levy be no more intrusive than necessary.  Consequently, we are satisfied that the mandate of section 6330(c)(3) has been met.

At trial respondent's counsel requested that the Court impose a penalty under section 6673(a)(1) on account of petitioner's frivolous arguments during trial.  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

Petitioner's position is frivolous and groundless. Petitioner failed to advance any argument with respect to respondent's proposed collection action.  During trial he continually cited the Uniform Commercial Code, a work that is not relevant to this case; he challenged respondent's counsel's credentials; he questioned the Court and was unresponsive to the Court's most basic questions, such as where his current residence is.  Moreover, we find that petitioner filed his petition for

purposes of delay.  Therefore, pursuant to the authority granted to the Court under section 6673(a)(1), we require petitioner to pay to the United States a penalty of $3,000.

We have considered all of petitioner's assertions, and to the extent not discussed herein, we find them to be groundless, irrelevant, and/or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.