T.C. Memo. 2014-10

UNITED STATES TAX COURT

MICHAEL S. SHIRLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7603-12L.                    Filed January 13, 2014.

Michael S. Shirley, pro se.

<u>Mark J. Tober</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>: This case was commenced in response to three

Notices of Determination Concerning Collection Action(s) under Section 6320

and/or 6330 (notice of determination) upholding collection actions regarding the

following deficiencies and penalties for tax years 1998 and 2000-2008:

[*2]

| Year | Deficiency | Penalty | |
|------|-----------|-----------|-----------|
| | | Sec. 6682 | Sec. 6702 |
| 1998 | $9,345 | --- | --- |
| 2000 | 8,770 | --- | --- |
| 2001 | 1,760 | $500 | $500 |
| 2002 | 31,296 | --- | --- |
| 2003 | 9,272 | --- | --- |
| 2004 | 74,235 | --- | --- |
| 2005 | 6,829 | --- | --- |
| 2006 | 11,172 | --- | --- |
| 2007 | 6,745 | --- | --- |
| 2008 | 5,714 | --- | --- |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times. All monetary amounts are rounded to the nearest dollar.

The issues for consideration are (1) whether petitioner is liable for a penalty under section 6702 for tax year 2001, and (2) whether respondent's determination to proceed with the collection actions regarding petitioner's unpaid income tax liabilities for tax years 1998 and 2000-2008 and penalties for tax year 2001 was proper.

[*3]                     FINDINGS OF FACT

Some of the facts are stipulated and are so found.  We incorporate by reference the stipulation of facts and the attached exhibits.  Petitioner resided in Florida when he filed the petition.

Petitioner's Mailing Addresses

From 1998 to January 2005 petitioner resided in Angola, Indiana.  He used his residence address as his mailing address until April 2004; from April 2004 to January 2005 he used a P.O. box in Angola, Indiana, as his mailing address.  In January 2005 petitioner moved to Granger, Indiana, and began using his residence address as his mailing address.  In December 2009 petitioner moved to Fort Myers, Florida.  Since then he has used his residence address there as his mailing address.

Notices of Deficiency

Petitioner has outstanding tax liabilities for tax years 1998 and 2000-2008.  Between August 6, 2003, and March 14, 2011, respondent sent by certified mail one notice of deficiency for each of tax years 1998 and 2000-2008.  Respondent addressed each notice of deficiency to petitioner at the mailing address that he maintained on the date the notice was mailed.

**[*4]**   None of the notices of deficiency was returned to the sender.  Petitioner denies receiving any notices of deficiency for the years in issue.  Petitioner did not file a petition with this Court in response to any of the notices of deficiency.

Petitioner's Previous CDP Hearings

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for tax year 2001.  On December 17, 2002, respondent prepared a substitute for return, pursuant to section 6020(b), on petitioner's behalf for tax year 2001.  During 2004 respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), and a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320, with respect to his income tax liability for tax year 2001 and penalties for tax years 1997, 1998, 1999, and 2000.  The Letter 3172 informed petitioner that respondent had filed a notice of Federal tax lien (NFTL) with respect to the same.  In 2004 petitioner filed timely a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request) regarding the 2004 levy notice and the filed 2004 NFTL.

Petitioner was provided a collection due process (CDP) hearing regarding the 2004 levy notice and the filed 2004 NFTL.  During his CDP hearing petitioner provided respondent with an amended, but unsigned, income tax return for 2001 that reported $42,283 of income and a tax liability of $3,256.  In 2005 respondent

[*5] issued a notice of determination sustaining the 2004 levy notice and the filed 2004 NFTL.

In 2005 respondent issued petitioner a levy notice and a Letter 3172 concerning petitioner's income tax liabilities for tax years 1998, 2000, and 2002 and a penalty under section 6682 for tax year 2001 for providing false information with respect to withholding. On or about November 1, 2005, petitioner provided respondent with another amended tax return for tax year 2001. The tax return was dated August 28, 2005, and showed petitioner's income as zero. In 2005 petitioner filed timely a CDP hearing request regarding the 2005 levy notice and the filed 2005 NFTL.

Petitioner was provided a CDP hearing regarding the 2005 levy notice and the filed 2005 NFTL. In 2006 respondent issued a notice of determination sustaining the 2005 levy notice and the filed 2005 NFTL.

Neither of these notices of determination is in issue in this case.

Petitioner's Recent CDP Hearings

On July 19, 2011, respondent issued petitioner a levy notice for petitioner's income tax liabilities for tax years 2003, 2004, 2005, 2006, and 2007. The levy notice also included the section 6682 penalty for tax year 2001 and an additional $500 penalty, assessed on April 10, 2006, under section 6702 for filing a frivolous

[*6] income tax return. On August 15, 2011, petitioner filed timely a CDP hearing request regarding the July 19, 2011, levy notice.

On August 17, 2011, respondent issued petitioner a levy notice for petitioner's income tax liability for tax year 2008. On September 15, 2011, petitioner filed timely a CDP hearing request regarding the August 17, 2011, levy notice.

On August 30, 2011, respondent issued petitioner a Letter 3172 for petitioner's income tax liabilities for tax years 1998 and 2000-2008 and the penalties under sections 6682 and 6702 for tax year 2001. On October 6, 2011, petitioner filed timely a CDP hearing request regarding the filed 2011 NFTL.

In all three of these CDP hearing requests petitioner requested a face-to-face hearing at the Internal Revenue Service (IRS) Appeals Office closest to petitioner's residence. Petitioner also raised the following issues: (1) petitioner wished to "verify whether or not the IRS followed all proper procedures as required by law"; (2) "I don't believe I am liable for the assessed tax"; (3) "I should NOT be held responsible for the penalties accrued"; (4) petitioner wished to "challenge this liability seeing that I never had a chance to challenge it before"; and (5) "if this liability is indeed a proper assessment and can be proven that it is authentic and owed, I would like to discuss what collection alternatives are

[*7] available to me, to include, but not limited to Offer in Compromise, Installment Agreements, and any other payment arrangements that may be available to me". Petitioner also stated that it was not his intention to raise any frivolous arguments. All three CDP hearing requests were assigned to the same settlement officer.

On November 9, 2011, the settlement officer sent petitioner a letter scheduling a telephone CDP hearing for December 20, 2011. The settlement officer declined petitioner's request for a face-to-face CDP hearing on the basis that petitioner had asserted frivolous arguments in his CDP hearing request. The settlement officer requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and a signed income tax return for tax year 2010.

On December 14, 2011, the settlement officer received a letter from petitioner stating that he (1) would not be available for the telephone CDP hearing, (2) wished to have a face-to-face CDP hearing on another date, (3) did not receive any notices of deficiency, and (4) would like the settlement officer to identify which of the issues he raised were frivolous.

On December 19, 2011, the settlement officer sent petitioner a followup letter rescheduling the telephone CDP hearing for January 11, 2012, and denying

[*8] petitioner's request for a face-to-face hearing. On January 9, 2012, the settlement officer received a letter from petitioner indicating that he would not be available for a telephone CDP hearing and requesting that the settlement officer explain why he was not entitled to a face-to-face hearing.

On February 13, 2012, the settlement officer issued the three notices of determination sustaining the July 19, 2011, levy notice, the August 17, 2011, levy notice, and the filed 2011 NFTL.

On March 19, 2012, petitioner filed timely a petition. In his amended petition he raised the following issues: (1) respondent did not meet all applicable requirements in conducting the CDP hearing; (2) respondent did not allow petitioner to challenge the underlying tax liabilities; (3) petitioner did not receive a fair and impartial CDP hearing; (4) respondent did not inform petitioner of his rights; (5) respondent did not provide petitioner with any admissible evidence to support the determinations; (6) petitioner was not given a face-to-face hearing; and (7) respondent did not permit petitioner to audio record the CDP hearing.

On December 7, 2012, respondent filed a motion to remand this case to the IRS Appeals Office to hold a new CDP hearing. On December 11, 2012, we granted respondent's motion and ordered respondent to provide a face-to-face CDP hearing no later than March 11, 2013.

[*9] <u>The Supplemental CDP Hearing</u>

The supplemental CDP hearing was assigned to a new settlement officer who had no prior involvement in this case. The settlement officer discovered that petitioner had previous CDP hearings regarding his income tax liabilities for tax years 1998, 2000, 2001, and 2002 and the section 6682 penalty for tax year 2001. The settlement officer determined that petitioner was not entitled to a second CDP hearing for those liabilities for those tax years. On January 14, 2013, the settlement officer sent petitioner a letter which (1) scheduled a face-to-face meeting for February 27, 2013, (2) explained his determination with respect to tax years 1998, 2000, 2001, 2002 and the section 6682 penalty for tax year 2001, (3) stated that if petitioner wished to challenge the underlying liabilities for any remaining tax years, he would need to provide amended income tax returns for those years he wished to challenge, (4) requested that petitioner provide a reasonable cause explanation for any penalty abatement, and (5) requested that petitioner provide a Form 433-A and other financial information if petitioner wished to be considered for a collection alternative. The letter also provided information regarding frivolous arguments and requested that petitioner provide the requested documents by February 11, 2013. The settlement officer provided

[*10] petitioner with a copy of a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, and a computer transcript for each year in issue.

On January 16, 2013, the settlement officer sent petitioner an additional letter explaining that petitioner could not challenge the underlying tax liabilities for tax years 2004-08 because respondent had issued notices of deficiency for those years.[1]

On February 12, 2013, the settlement officer received a letter from petitioner denying the receipt of any notices of deficiency and demanding that the settlement officer provide evidence to prove that petitioner was liable for any penalties for tax year 2001. Petitioner did not provide any amended returns or other information concerning his underlying liabilities for the years in issue or any of the requested documents.

On February 13, 2013, the settlement officer mailed petitioner a letter informing petitioner that since he had not received any documentation justifying a face-to-face hearing, he would conduct the February 27, 2013, CDP hearing by

---

[1]It is unclear why the settlement officer did not include tax year 2003 in his letter to petitioner. The record demonstrates that respondent issued petitioner a notice of deficiency for tax year 2003 on May 10, 2005, and that the settlement officer had a copy of the 2003 notice of deficiency.

[*11] telephone.  The settlement officer requested that petitioner provide any documents he would want the settlement officer to consider during the CDP hearing.

Petitioner did not call the settlement officer on February 27, 2013.  The settlement officer did not receive any further correspondence from petitioner.  On March 7, 2013, the settlement officer issued petitioner the supplemental notice of determination sustaining all three notices of determination.

OPINION

I.     Introduction

This case involves review of (1) respondent's determination that petitioner is liable for a section 6702 frivolous return penalty for tax year 2001, and (2) respondent's determination to proceed with the collection actions regarding petitioner's unpaid income tax liabilities for tax years 1998 and 2000-2008 and penalties for tax year 2001.  For reasons discussed below, we find that petitioner's liability for the 2001 section 6702 frivolous return penalty is the only underlying liability that petitioner is entitled to challenge before this Court.  Thus, we address the issue de novo.  We review respondent's remaining determinations, including the determination to proceed with collection of the 2001 frivolous return penalty by levy and lien, for abuse of discretion.

**[*12]** A.  <u>Jurisdiction</u>

Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed an NFTL against the taxpayer's property and property rights.  <u>See also</u> sec. 6321.  Additionally, the Secretary must notify the taxpayer of his or her right to a collection due process hearing.  Sec. 6320(a)(3)(B) and (C).

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand.  Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to make the levy.  Sec. 6331(d)(1).  The Secretary must also notify the taxpayer of his or her right to a CDP hearing.  Sec. 6330(a)(1).

If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office.  Sec. 6330(b)(1).  At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action.  Sec. 6330(c)(2)(A).  Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court.  Sec. 6330(d)(1).

Section 6330(d)(1) provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity

[*13] regardless of the type of underlying tax involved. For purposes of section 6330(a)(1), a "tax" may include the liability for a section 6702 frivolous return penalty. Sec. 6671(a); Lindberg v. Commissioner, T.C. Memo. 2010-67, slip op. at 15. We have held that our jurisdiction under section 6330 includes the review of the Commissioner's determination to collect a section 6702 frivolous return penalty by levy. See Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008); Lindberg v. Commissioner, T.C. Memo. 2010-67.

Section 6330(d)(1) also provides this Court with jurisdiction to review the Commissioner's administrative determinations. When this Court remands a case to the Appeals Office and it comes back to us after a supplemental determination is issued, we review the supplemental determination. See Hoyle v. Commissioner, 136 T.C. 463, 468 (2011); Kelby v. Commissioner, 130 T.C. 79, 86 (2008).

Petitioner was not entitled to a second CDP hearing regarding his income tax liabilities for tax years 1998, 2000, 2001, and 2002 and the section 6682 penalty for tax year 2001 because he had already had a CDP hearing for those liabilities for those years. See secs. 6320(b)(2), 6330(b)(2). One of the three notices of determination in issue included those liabilities for those years, for which there was already a CDP hearing. Even though petitioner was not entitled

[*14] to a second CDP hearing for those liabilities for those years, we have jurisdiction to determine whether the Appeals officer abused his discretion for those years. See Kim v. Commissioner, T.C. Memo. 2005-96; cf. Wilson v. Commissioner, 131 T.C. 47 (2008) (holding that we do not have jurisdiction to review an internally inconsistent second notice of determination issued regarding a tax year for which there was a previous notice of determination issued to the taxpayer and the taxpayer did not request timely a CDP hearing).

B.     Standard of Review

Where the validity of the underlying tax liability is properly at issue, we review that matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). A taxpayer may challenge the underlying tax liability during a CDP hearing if the taxpayer did not receive a statutory notice of deficiency for such liability or did not otherwise have the opportunity to dispute such liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9 (2004). A prior CDP hearing regarding a tax year is considered a prior opportunity to challenge the underlying liability relating to that tax year. Sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

The Court considers an underlying tax liability on review only if the taxpayer properly raised the issue during the CDP hearing. Secs. 301.6320-

[*15] 1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; <u>see</u> <u>also</u> <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 115 (2007). A taxpayer did not properly raise an underlying tax liability if the taxpayer failed to present the settlement officer with any evidence regarding the liability after being given a reasonable time. <u>See</u> sec. 301.6320-1(f), Q&A-F3, Proced. & Admin. Regs.

Petitioner is entitled to challenge the assessment of the frivolous return penalty under section 6702 because the notice of deficiency for tax year 2001 was issued before the penalty was assessed, and petitioner did not have an opportunity to dispute the assessment.[2] <u>See</u> sec. 6703(b). Accordingly, we review de novo petitioner's liability for the section 6702 penalty for tax year 2001.

Petitioner is not entitled to challenge the underlying liability for any other issue or tax year before us.

Petitioner is not entitled to challenge the underlying income tax liabilities for tax years 1998 and 2000-2002 and the section 6682 penalty for 2001 because petitioner had prior CDP hearings with respect to those tax years. The prior CDP hearings constitute a prior opportunity to dispute both the underlying income tax liabilities for those tax years and his liability for the section 6682 penalty.

---

[2]Petitioner had a CDP hearing in 2004 regarding his income tax liability for 2001. This occurred before the assessment of the penalty pursuant to sec. 6702.

[*16] Petitioner's underlying income tax liabilities for 1998 and 2000-2002 (other than the 2001 section 6702 penalty) are not properly before us. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 611.

Petitioner is also not entitled to challenge the underlying liabilities for tax years 1998 and 2000-2008 because respondent sent petitioner notices of deficiency by certified mail for those tax years. Each of the notices of deficiency was sent to petitioner's last known address as listed in respondent's records on the date it was sent. Petitioner has not offered any evidence that the addresses to which the notices of deficiency were mailed were incorrect. On the record presented respondent has established that each notice of deficiency was sent to petitioner. Petitioner has offered only his own self-serving testimony that he did not receive the notices. Petitioner had opportunities to dispute his income tax liabilities for all years in issue for which he received notices of deficiency but declined to do so. See Sego v. Commissioner, 114 T.C. at 611; Campbell v. Commissioner, T.C. Memo. 2013-57 (noting that in the absence of clear evidence to the contrary, the presumptions of official regularity and delivery justify the conclusion the statutory notice was sent and that attempts to deliver were made); Lehmann v. Commissioner, T.C. Memo. 2005-90. Petitioner was precluded from

**[\*17]** raising the underlying liabilities during the CDP hearing for any of the tax years in issue.

Petitioner is also not entitled to challenge the underlying liability for tax year 2003 because he did not properly raise the 2003 underlying liability during the supplemental CDP hearing. We do not have authority to consider section 6330(c)(2) issues that were not raised before the Appeals Office. Giamelli v. Commissioner, 129 T.C. at 115. Petitioner did not properly raise the issue of the underlying tax liability for tax year 2003 during his CDP hearing, because he failed to present the settlement officer with any evidence regarding the liability after being given a reasonable time. See sec. 301.6320-1(f), Q&A-F3, Proced. & Admin. Regs.; see also Delgado v. Commissioner, T.C. Memo. 2011-240. Thus, we do not have authority to consider petitioner's underlying liability for tax year 2003.

Consequently, petitioner cannot challenge the underlying liabilities for tax years 1998 and 2000-2008 (other than the 2001 section 6702 penalty).

The Court reviews administrative determinations by the Commissioner's Appeals Office regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. Because nonliability issues are before us, we review the determinations regarding

[*18] those issues for abuse of discretion.  In determining abuse of discretion, we consider whether the determination was arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  The Court does not conduct an independent review and substitute its judgment for that of the settlement officer.  Murphy v. Commissioner, 125 T.C. at 320.  If the settlement officer follows all statutory and administrative guidelines and provides a reasoned balanced decision, the Court will not reweigh the equities.  Link v. Commissioner, T.C. Memo. 2013-53, at *12.

II.     Section 6702 Penalty

A taxpayer is liable for a frivolous return penalty under section 6702 if three requirements are met.  See Callahan v. Commissioner, 130 T.C. at 51; Lindberg v. Commissioner, T.C. Memo. 2010-67.  First, the taxpayer must have filed a document that purports to be an income tax return.  Sec. 6702(a)(1).  Second, the purported return must have either not contained information on which the substantial correctness of the self-assessment may be judged or contained information that on its face indicated that the self-assessment was substantially incorrect.  Id.  Third, the defect must have been based on a position which was frivolous or reflected a desire (which appeared on the purported return) to delay or

[*19] impede the administration of Federal tax laws. Sec. 6702(a)(2). The amount of the penalty is $500. Sec. 6702(a). The Commissioner bears the burden of proof with respect to whether a taxpayer is liable for a frivolous return penalty. Sec. 6703(a).

Respondent produced petitioner's 2001 Form 1040, which reported zero income, deductions, and tax liability (zero return). The Form 1040 constitutes a document that purports to be an income tax return. See Callahan v. Commissioner, 130 T.C. at 51. Petitioner's zero return contained information that on its face indicated that the self-assessment was substantially incorrect. Blaga v. Commissioner, T.C. Memo. 2010-170, slip op. at 14. Courts have held repeatedly that a "zero return" reporting no income and no tax liability reflects a frivolous position. Id., slip op. at 14-15; see also Tickel v. United States, 815 F.2d 706 (6th Cir. 1987); Himes v. United States, 802 F.2d 458 (6th Cir. 1986).

Respondent has met the burden of proof and satisfied all three requirements of section 6702. We find petitioner liable for a section 6702 penalty of $500 for filing a zero return for tax year 2001.

III. Supplemental Notice of Determination

Following a CDP hearing the settlement officer must determine whether to sustain the filing of the NFTL or proposed levy. In making that determination,

[*20] section 6330(c)(3) requires the settlement officer to consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed lien or levy action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7; see also sec. 6320(c).

We note that the settlement officer properly based his determination on the required factors. The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the proposed collection actions appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

A taxpayer is entitled to only one CDP hearing regarding the first issuance of a Letter 3172 or levy notice for a given tax period or periods with respect to the unpaid tax shown on the Letter 3172 or levy notice if the taxpayer requests timely such a hearing. Secs. 301.6320-1(b)(1), 301.6330-1(b)(1), Proced. & Admin. Regs.; see also Orum v. Commissioner, 123 T.C. 1, 10 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). Petitioner received previous CDP hearings regarding his income

[*21] tax liabilities for tax years 1998, 2000, 2001, and 2002 and the section 6682 penalty for tax year 2001. The settlement officer did not abuse his discretion in the supplemental determination by refusing to consider these years because petitioner is not entitled to relief pursuant to section 6320 or 6330. See Kim v. Commissioner, T.C. Memo. 2005-96.

Petitioner contends that the settlement officer did not meet all applicable requirements in conducting the CDP hearing. If no face-to-face, telephone conference, or any other oral communication takes place, review of the documents in the case file will constitute the CDP hearing for the purposes of section 6330(b). Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. The record confirms that petitioner and the settlement officer exchanged a number of letters concerning petitioner's tax matters. After petitioner failed to submit any of the requested documents or to call the settlement officer for a telephone CDP hearing on the appointed date, the settlement officer reviewed his file and determined that the filed NFTL and levies should be sustained. We find that petitioner was provided a CDP hearing which complied with all applicable requirements and the settlement officer did not abuse his discretion in sustaining the filed NFTL and levies.

Petitioner contends that it is an abuse of discretion for the settlement officer to refuse to offer him a face-to-face CDP hearing. We have previously held that a

[*22] settlement officer does not necessarily abuse his or her discretion by refusing to offer a face-to-face CDP hearing. LaForge v. Commissioner, T.C. Memo. 2013-183, at *11 (noting that a face-to-face hearing is not required under section 6330; noting further that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion when the taxpayer fails to provide requested financial information); Williamson v. Commissioner, T.C. Memo. 2009-188, slip op. at 8 (noting that it is not an abuse of discretion if a settlement officer denies a taxpayer's request for a face-to-face hearing after determining that the hearing would not be productive on account of the taxpayer's frivolous or groundless arguments).

CDP hearings are informal and do not require the Appeals officer and the taxpayer to hold a face-to-face meeting. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer and the taxpayer, or some combination thereof. Id. A face-to-face CDP hearing concerning the taxpayer's underlying liability will not be granted if the request for a hearing or other taxpayer communications indicate that the taxpayer wishes only to raise irrelevant or frivolous issues concerning that liability. Similarly, a face-to-face CDP hearing concerning a collection alternative will not

[*23] be granted unless other taxpayers would be eligible for the alternative in similar circumstances. Sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

Petitioner was initially offered a face-to-face hearing as part of the supplemental CDP hearing on remand. The settlement officer requested that petitioner provide (1) an amended income tax return for any applicable year for which petitioner wished to challenge the underlying liability, (2) a reasonable cause explanation for any penalty abatement, and (3) a Form 433-A and other financial information if petitioner wished to be considered for a collection alternative. Petitioner did not comply with any of the settlement officer's requests for documentation. Petitioner did not propose any settlement alternatives, nor did he provide a Form 433-A or other documentation to allow the settlement officer to consider collection alternatives. Since petitioner did not provide any documentation, the settlement officer changed the form of the CDP hearing to a telephone hearing. We find that it was not an abuse of discretion for the settlement officer to deny petitioner's request for a face-to-face hearing.

Petitioner contends that his CDP hearing was not fair and impartial. Section 6330(b)(3) provides that "[t]he hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this

[*24] section or section 6320." The settlement officer who conducted the supplemental CDP hearing on remand had no prior involvement in petitioner's tax matters for the tax years in issue. The settlement officer also complied with the requirements of section 6330(c)(3). We find that the petitioner received a fair and impartial CDP hearing.

Petitioner contends that respondent did not inform him of his rights. The Secretary must notify the taxpayer of his or her right to a CDP hearing. Secs. 6320(a)(3)(B), 6330(a)(1). The notice must provide the taxpayer with information regarding (1) the amount of the tax, (2) a statement concerning the taxpayer's right to request a CDP hearing, (3) administrative appeals available to the taxpayer, and (4) the statutory provisions and procedures relating to the release of liens or levies on property. See secs. 301.6320-1(a)(2), Q&A-A10, 301.6330-1(a)(3), Q&A-A6, Proced. & Admin. Regs. We find that the notices of determination issued by respondent provided all of the required information concerning petitioner's rights.

Petitioner contends that respondent did not provide petitioner with any admissible evidence to support the determinations. Section 6330(c)(1) does not require the Appeals officer to rely on any particular document in satisfying the verification requirement and does not require that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied. Craig v.

[*25] Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. 162, 166 (2002). The settlement officer provided petitioner with a copy of a Form 4340 and a computer transcript for each year in issue. A Form 4340 constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. 35, 40 (2000). We have held specifically that it is not an abuse of discretion for an Appeals officer to rely on Form 4340 to comply with section 6330(c)(1). Nestor v. Commissioner, 118 T.C. at 166; Davis v. Commissioner, 115 T.C. at 41. We have also held that it is similarly not an abuse of discretion for an Appeals officer to rely on a computer transcript of account to comply with section 6330(c)(1). Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48. We find that the settlement officer did provide petitioner with evidence of his determinations.

Finally, petitioner contends that respondent did not permit him to audio record the CDP hearing. In Keene v. Commissioner, 121 T.C. 8 (2003), we held that a taxpayer is entitled to audio record his section 6330 hearing with the Appeals Office pursuant to section 7521(a)(1). Petitioner, however, did not specifically request, and the settlement officer did not deny any request, to record the supplemental CDP hearing. In addition, petitioner did not call the settlement officer on the appointed date to conduct the telephone CDP hearing.

**[\*26]** We find that the settlement officer did not abuse his discretion.  Any contention we have not addressed is irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.